UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RUDY STANKO, a/k/a "Butch," <br><br> Plaintiff, <br><br> vs. <br><br> SOUTH DAKOTA HIGHWAY PATROL; HIGHWAY PATROLMAN KEVIN MOSER, individually and in his official capacity; RYAN TALLEY, individually; MONTE DROPPERS, individually and in his official capacity; DEFENDANTS IX through 3X, individually, will be named after discovery, <br><br> Defendants. | CIV. 17-5022-JLV <br><br><br><br><br> ORDER |

**INTRODUCTION**

Plaintiff Rudy Stanko filed a multi-count complaint against the defendants under the Civil Rights Act, 42 U.S.C. § 1983, and state law.[1]  (Docket 1).  The named defendants all filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).  (Dockets 9, 12 & 15).  For the reasons stated below, defendants' motions to dismiss are granted.

---

[1]Originally included as a plaintiff was Mr. Stanko's employee, Joshua Kemerling.  (Docket 1).  Mr. Kemerling was permitted to withdraw as a plaintiff. (Docket 29).  Because a number of the counts of the complaint address only Mr. Kemerling's claims, the court will focus exclusively on those counts potentially remaining in Mr. Stanko's name.

## ANALYSIS

Defendant South Dakota Highway Patrol seeks dismissal from the complaint pursuant to Fed. R. Civ. P. 12(b)(1). (Docket 9). The remaining defendants seek dismissal on the basis of Fed. R. Civ. P. 12(b)(6). (Dockets 9, 12 & 15).

## I.     RULE 12(b)(1) MOTION TO DISMISS

Rule 12 provides in part that "a party may assert the following defenses by motion: . . . lack of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (internal citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion [to dismiss] is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. (internal citation omitted). While considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction the court must "accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." Great Rivers Habitat Alliance v. Federal Emergency Management Agency, 615 F.3d 985, 988 (8th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

"The burden of proving federal jurisdiction, however, is on the party seeking to establish it, and this burden may not be shifted to the other party." Great Rivers Habitat Alliance, 615 F.3d at 988 (internal quotation marks and brackets omitted). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction . . . ." Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009).

The South Dakota Highway Patrol seeks dismissal because, as a division within the South Dakota Department of Public Safety, it and the State of South Dakota are protected from suit by the Eleventh Amendment. (Docket 10 at pp. 7-8). The Highway Patrol also argues it is not a " 'person' amenable to suit brought pursuant to 42 U.S.C. § 1983." Id. at p. 7. Plaintiff's responsive brief does not specifically address the propriety of the Rule 12(b)(1) motion. (Docket 17).

"Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). "As the [United States] Supreme Court remind[s] us, 'a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.' " McLean v. Gordon, 548 F.3d 613, 618 (8th Cir. 2008) (citing Lapides v. Bd. of Regents, 535 U.S. 613, 617 (2002)). "[T]he Eleventh Amendment bars suit against the state or state officials acting in their official capacity." Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 743 (8th Cir. 1998)

(referencing <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985)).   A suit will be allowed to proceed, however, if the state has waived immunity.   See <u>id.</u> at 744. The State has not waived its immunity to suit under the Eleventh Amendment. The court grants defendants' motion as it relates to the South Dakota Highway Patrol.   (Docket 9).   Plaintiff's complaint against the South Dakota Highway Patrol is dismissed under Rule 12(b)(1).

## II.    RULE 12(b)(6) MOTION TO DISMISS

Rule 12(b)(6) provides for dismissal if the plaintiff fails to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).   In evaluating the defendants' Rule 12(b)(6) motion, the court accepts as true all of the factual allegations contained in plaintiff's complaint and grants all reasonable inferences in favor of plaintiff as the nonmoving party.   <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009).   <u>See also</u> <u>Crooks v. Lynch</u>, 557 F.3d 846, 848 (8th Cir. 2009) (the court must review "a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the facts alleged in the complaint as true and granting all reasonable inferences in favor of the plaintiff, the nonmoving party.") (brackets omitted).   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do[.]"   Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007) (citations omitted).   "[O]nly a complaint that states a

plausible claim for relief survives a motion to dismiss."   Iqbal, 556 U.S. at 679.

Courts are not required to accept as true legal conclusions "couched as

. . . factual allegation[s]" in the complaint.   Id. at 678.   "[A] complaint must

allege 'more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do.' "   Torti v. Hoag, 868 F.3d 666, 671

(8th Cir. 2017) (quoting Twombly, 550 U.S. at 555).

"When ruling on a motion to dismiss under Rule[] 12(b)(6) . . . a district

court generally may not consider materials outside the pleadings. . . . It may,

however, consider some public records, materials that do not contradict the

complaint, or materials that are necessarily embraced by the pleadings."   Noble

Systems Corp. v. Alorica Central, LLC, 543 F.3d 978, 982 (8th Cir. 2008)

(internal citation and quotation marks omitted).   The court may also consider

matters in the public record of which the court may take judicial notice.

Tellabs, Inc. v. Makor Issues and Rights, LTD., 551 U.S. 308, 322 (2007).

"Jurisdictional issues, whether they involve questions of law or of fact, are for the

court to decide."   Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).

In applying these principles, the court must construe plaintiff's *pro se*

complaint liberally.   See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

This means "that if the essence of an allegation is discernible, even though it is

not pleaded with legal nicety, then the district court should construe the

complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914.

Plaintiff's complaint contains five claims against the defendants. Those claims are:

Count 1: Violation of plaintiff's Fourth Amendment right against unreasonable seizures. (Docket 1 at p. 8);

Count 3: Violation of plaintiff's Fourteenth Amendment rights to due process. Id.;

Count 6: Tort claims for violations of plaintiff's rights under the full faith and credit clause of Article IV of the Constitution of the United States. Id. at p. 9;

Count 7: Tort claims for violations of federal and state law. Id. at p. 10; and

Count 8: A tort claim for violation of the common law offense of theft. Id. at p. 10.

The following factual summary is gleaned from the allegations of the complaint. On March 20, 2017, Mr. Kemerling was driving a livestock truck on State Highway 34 near Whitewood, South Dakota. (Docket 1 ¶¶ 18 & 30). South Dakota State Highway Patrol Trooper Moser stopped the vehicle. Id. ¶ 19. Mr. Kemerling was instructed to drive to a nearby commercial parking lot so the truck could be weighed with a set of portable scales. Id. ¶ 24. Trooper Moser claimed the gross weight of the truck and its contents was over 80,000 pounds.

6

Id. ¶ 36.   Mr. Stanko alleges the truck was not overweight because its gross

weight was less than 85,500 pounds.   Id. ¶¶ 27-28.   Trooper Moser "tried to

extort $700 from . . . Stanko by setting the bail on the truck driver, impound[ing]

his truck, and tak[ing] his driver to jail."   Id. ¶ 40.   Trooper Moser, "[w]ithout

obtaining a probable cause warrant to seize the truck and livestock . . . hired

truck driver and defendant Ryan Talley to seize and stole [sic] . . . Stanko's truck

and cattle."   Id. ¶ 45.   Trooper Moser instructed Mr. Talley that "the cattle to

[sic] be hauled to St. Onge livestock and to be sold."   Id. ¶ 46.

At the Meade County Jail in Sturgis, South Dakota, Jailer Monte Droppers

"accepted . . . Kemerling without a constitutional probable cause oath taken of

facts before a Circuit/Magistrate Judge."   Id. ¶ 44.   Mr. Stanko went to the jail

and posted a $565 bond to get Mr. Kemerling out of jail.   Id. ¶ 47.   When Mr.

Stanko asked for the "probable cause oath to arrest and jail his driver," Jailer

Dropper said "that neither Moser or himself needed an arrest warrant or

probable cause oath to throw . . . Kemerling in jail."   Id. ¶¶ 48 & 51.

Mr. Stanko believes Mr. Talley "stole the truck and parked and hid it off the

road a few miles from Whitewood."   Id. ¶ 55.   "[Mr.] Stanko found his truck

15 miles away hid in a back yard lot near Whitewood."   Id. ¶ 54.

The court takes judicial notice of the following additional facts pursuant to

Fed. R. Evid. 201(b)(2).   After weighing the truck with its livestock, Trooper

Moser signed a sworn complaint to Mr. Kemerling for (1) overweight vehicle, in

violation of SDCL § 32-22-16; (2) fuel permit violation under SDCL § 10-47B-187;

and (3) operating an overweight vehicle, in violation of SDCL § 32-22-52. (Docket 11-1 at p. 2). Trooper Moser filed a sworn probable cause affidavit in support of the complaint. (Docket 11-2 at pp. 2-3). During the stop, Mr. Kemerling admitted he had no permits on the truck. Id. at p. 3. When advised he would be required to post bond for the three citations, Mr. Kemerling said he did not have money to do so. Id. Mr. Kemerling called Mr. Stanko who refused to post the bonds, so Mr. Kemerling was taken to the Meade County Jail and the truck was towed by Sunshine Towing. Id. Later that same day, Mr. Stanko posted bonds totaling $565 for the three citations. (Dockets 1 ¶ 47; 11-3; 11-4 & 11-5).

On June 27, 2017, Mr. Kemerling appeared in Magistrate Court in the Fourth Judicial Circuit, Meade County, South Dakota, and pled guilty to the fuel permit violation, that is, failure to display a fuel permit. (Docket 22-1 at p. 9:25-10:3). A factual basis for the guilty plea was provided to the court. Id. at p. 10:6-19. The magistrate judge accepted Mr. Kemerling's plea, fined him $120 and exonerated the remainder of the bonds. Id. at p. 10:20-11:23. In exchange for the guilty plea, the state dismissed the other two charges. Id. at p. 12:4-7.

The Civil Rights Act provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. "Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law." Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994).

"The district court [is] required to evaluate [each defendant's] conduct individually. . . . Liability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed. . . . Section 1983 does not sanction tort by association." Heartland Academy Community Church v. Waddle, 595 F.3d 798, 805-06 (8th Cir. 2010) (internal citations omitted).

OFFICIAL CAPACITY CLAIMS

Mr. Stanko's complaint does not indicate whether he is suing the defendants Trooper Moser and Jailer Dropper in their official capacities, individual capacities or both under § 1983. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). "[I]n order to sue a public official in his . . . individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his . . . official capacity." Id. "Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express

9

statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants." Id. "Absent such an express statement, the suit is construed as being against the defendants in their official capacity." Id.

"The Eleventh Amendment generally bars suits for damages against a state or state officials in their official capacities unless the state waives its sovereign immunity." Christensen v. Quinn, 45 F. Supp. 3d 1043, 1059 (D.S.D. 2014), reconsideration denied, Civ. No. 10-4128, 2014 WL 6471378 (D.S.D. Nov. 18, 2014) (citing Will v. Mich. Department of State Police, 491 U.S. 58, 66 (1989)). "A suit against a public employee in his . . . official capacity is merely a suit against the public employer." Johnson, 172 F.3d at 535 (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). "Furthermore, neither a state nor its officials acting in their official capacities are 'persons' who may be sued for money damages under § 1983." Christensen, 45 F. Supp. 3d at 1059 (citing Lapides, 535 U.S. at 617. Finally, "respondeat superior or vicarious liability will not attach under § 1983." Rutan v. State of South Dakota, No. CIV. 05-4070, 2005 WL 1398596, at *3 (D.S.D. June 14, 2005) (citing Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th Cir. 2001)).

In so far as Mr. Stanko alleges defendants Moser and Dropper violated his constitutional rights in their official capacities, the court finds the § 1983 claims for money damages in counts 1, 3 and 6 are actually claims against the State of South Dakota. Johnson, 172 F.3d at 535. Accordingly, Mr. Stanko's 1983

claims for money damages against the defendants in their official capacities are

dismissed.

CONSPIRACY CLAIM

Count 3 of the complaint alleges:

Defendants Trooper Moser, Jailer Dropper and Mr. Ryan conspired to violate the Plaintiff's Constitutional and Statutory Rights (Title 42 USC § 1981 through 1985). Especially see 1985(3) ("Conspiracy to interfere with civil rights - depriving persons of rights or privileges") and § 1981(c) (impairment by nongovernmental . . . discrimination and impairment under color of State law[)] when they stole Stanko's truck and cattle without a warrant to seize . . . .

(Docket 1 at pp. 8-9) (bold omitted).

Conspiracy to interfere with another person's civil rights cited by

plaintiff is addressed in 42 U.S.C. § 1985. That section provides in part:

(3)     Depriving persons of rights or privileges[.] If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). "The basis of federal jurisdiction for violations of 42 U.S.C.

§ 1985 is 28 U.S.C. § 1343." Runs After v. United States, 766 F.2d 347,

353 (8th Cir. 1985). Section 1343 of Title 28 confers original jurisdiction in the

district court over a civil action:

(1)     To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in [42 U.S.C. § 1985);

11

(2)     To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in [42 U.S.C. § 1985] which he had knowledge were about to occur and power to prevent;

(3)     To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and

(4)     To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a)(1)-(4).

"In each section 1985 case it must be determined whether there is a constitutional source of congressional power to reach the private conspiracy alleged in the complaint." Means v. Wilson, 522 F.2d 833, 838 (8th Cir. 1975). "[I]n order to show a deprivation of equal protection or equal privileges and immunities which may be redressed under 42 U.S.C. § 1985(3), it must be shown that the conspirators were motivated by an invidiously discriminatory animus toward a racial group or perhaps another type of class." Id. at 839.

Plaintiff has not alleged the actions of the individually named defendants were a private conspiracy premised on class or race. Therefore, § 1985 does not provide a remedy to plaintiff and 28 U.S.C. § 1343 does not establish jurisdiction in federal court. Runs After, 766 F.2d at 353. Mr. Stanko's civil conspiracy claim fails as a matter of law.

STATE CLAIMS

Counts 7 and 8 allege the defendants, without articulating which of them, violated the "state law[s] for false imprisonment, malicious prosecution, loss of consortium, abuse of process, and intentional infliction of emotional distress[] . . . [and] violated the common law crime of theft."   (Docket 1 at p. 10).

A.    False Imprisonment

By a plain reading of the complaint, Mr. Stanko was not incarcerated as a result of his interaction with Trooper Moser and Jailer Dropper.   Liberally interpreting Mr. Stanko's *pro se* pleadings, this claim is associated with the arrest and brief incarceration of Mr. Kemerling at the Meade County Jail.   With Mr. Kemerling's withdrawal from this litigation, this claim is moot.

B.    Malicious Prosecution

To maintain a claim for malicious prosecution, Mr. Stanko must allege the following:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; and (6) damages conforming to legal standards resulting to plaintiff.

Kaarup v. St. Paul Fire & Marine Ins. Co., 485 N.W.2d 802, 804 (S.D. 1992)

Mr. Stanko's complaint fails to allege a viable malicious prosecution claim. Both the complaint and the other documents referenced in the factual summary articulate probable cause for the citations given to Mr. Kemerling.   By his guilty

plea, Mr. Kemerling waived all pre-plea constitutional claims.   See Tollett v.

Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly

admitted in open court that he is in fact guilty of the offense with which he is

charged, he may not thereafter raise independent claims relating to the

deprivation of constitutional rights that occurred prior to the entry of the guilty

plea.").   Furthermore, Mr. Stanko was not a defendant in the original state court

criminal proceeding.   This claim fails as a matter of law.

> C.     Loss of Consortium

"An action for loss of consortium is derivative in nature."   Titze v. Miller,

337 N.W.2d 176, 177 (S.D. 1983).   "A derivative cause of action therefore results

from the negligent injury to one's spouse for the loss of consortium during

decedent's lifetime prior to death."   Selchert v. Lien, 371 N.W.2d 791, 794 (S.D.

1985) (emphasis omitted).   There is no claim for loss of consortium under South

Dakota law under the facts alleged in the complaint.   This claim fails as a matter

of law.

> D.     Abuse of Process

"Abuse of process consists of the malicious misuse or misapplication of

legal process after its issuance to accomplish some collateral purpose not

warranted or properly attainable thereby."   Layton v. Chase, 144 N.W.2d 561,

563 (1966).   "Its essential elements are: (1) The existence of an ulterior purpose,

and (2) A wilful act in the use of the process not proper in the regular prosecution

of the proceeding."   Id.   "[T]he improper purpose involved in actions of this

14

nature usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." Id.

Mr. Kemerling's guilty plea acknowledged the legitimate, lawful nature of the criminal prosecution. The fact that Mr. Stanko's livestock truck was removed from the scene of the stop occurred in the ordinary course of Mr. Kemerling's arrest. The court takes judicial notice pursuant to Fed. R. Evid. 201(b)(2) that a written policy of the South Dakota Highway Patrol requires "that a trooper may not leave an arrestee's vehicle unattended and must have the vehicle towed to a place of safekeeping." United States v. Garreau, 658 F.3d 854, 857 (8th Cir. 2011).

The legal conclusions, "couched as . . . factual allegations" in the complaint, are insufficient to state a viable cause of action for abuse of process. Ashcroft, 556 U.S. at 678. Mr. Stanko's claim of abuse of process fails as a matter of law.

E.      Intentional Infliction of Emotional Distress

In order to establish a claim of intentional infliction of emotional distress, a plaintiff must show: " '(1) extreme and outrageous conduct by the defendant; (2) that the defendant intended to cause severe emotional distress; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) severe emotional distress must result.' " Stratmeyer v. Engberg, 649 N.W.2d 921, 926 (S.D. 2002) (citing Christians v. Christians,

637 N.W.2d 377, 382 (S.D. 2001)).   "The conduct necessary to form intentional infliction of emotional distress must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious, and utterly intolerable in a civilized community."   Harris v. Jefferson Partners, L.P., 653 N.W.2d 496, 500 (S.D. 2002).

"South Dakota adheres to the Restatement (Second) of Torts' instruction that the determination of 'whether the defendant's conduct was extreme and outrageous [ ] *is initially for the court.*' "   Nichols v. MMIC Ins. Inc., 68 F. Supp. 3d 1067, 1084 (D.S.D. 2014), *on reconsideration,* No. 4:14-CV-04025, 2015 WL 2365537 (D.S.D. May 15, 2015) (emphasis in original) (citing Richardson v. E. River Elec. Power Co-op., Inc., 531 N.W.2d 23, 27 (S.D.1995) (citing Restatement (Second) of Torts § 46 cmt. h) (1965).

The allegations of the complaint fail to articulate a factual basis upon which the court could initially find that the conduct of Trooper Moser, Jailer Dropper or Mr. Talley, either severally or jointly, was extreme or outrageous. Harris, 653 N.W.2d at 500.   Mr. Stanko's claim of intentional infliction of emotional distress fails as a matter of law.

F.      Theft

Theft is "[t]he felonious taking and removing of another's personal property with the intent of depriving the true owner of it."   *Theft,* Black's Law Dictionary (9th ed. 2009).   A felonious act is one done wrongfully, "without excuse or color of right."   *Felonious,* Black's Law Dictionary (9th ed. 2009).

As indicated above, Trooper Moser lawfully directed Mr. Stanko's livestock truck be removed from the location of Mr. Kemerling's arrest.   In other words, his decision was done under color of law.   Mr. Stanko's claim for theft fails as a matter of law.

**ORDER**

Based on the above analysis, it is

ORDERED that the defendants' motions to dismiss (Dockets 9, 12 & 15) are granted.

IT IS FURTHER ORDERED that counts 1 and 6 of the complaint (Docket 1) are dismissed without prejudice.   Counts 2, 3, 4, 5, 7 and 8 are dismissed with prejudice.

Dated March 28, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE